[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter came to the court as a contested custody case, the parties being the of one minor child, Emma, born October 22, 1992.
The court finds that the jurisdictional requirements have been met. The agreed that their marriage of February 29, 1992 has broken down irretrievably, on the basis of the plaintiff's testimony, that marriage is dissolved.
After the commencement of the evidence in this proceeding, the defendant father withdrew his claim for custody, leaving support and visitation as the remaining resolved. Sole custody was awarded to the CT Page 7981 plaintiff, pendente lite; that sole custody is hereby made permanent.
There is no jointly owned property to distribute and the plaintiff makes no claim to the defendant's real property or business. Alimony is not awarded to either party.
The defendant, through his attorney, shall arrange with the plaintiff's attorney for return of the plaintiff's personal property and effects, and presently in the possession of the defendant.
The defendant shall pay to the plaintiff and the plaintiff will deposit into the minor child's savings account, the sum of $828.00, representing the joint state income tax refund for 1993, which proceeds the parties had agreed would be so deposited.
Expenses incurred for the minor child's evaluation and therapy, legal, representation, and the expenses of her guardian ad litem are deemed by the court to be in the nature of necessary expenses and each parent is expected to pay such of said bills are ordered by the court.
Support
The defendant failed to obey a subpoena duces tecum and presented no documentation to support his financial affidavit and his court testimony to the effect that his business is insolvent. That same court testimony was vague, to say the least.
Counsel have agreed that for the purpose of setting a support order, the income from both financial affidavits be utilized and that a computation pursuant to child support guidelines results in an order that the defendant pay to the custodial parent the sum of $135.00 per week.
A pendente lite order in that amount was entered on September 26, 1996 since the defendant was not under a court support order and had made only two voluntary payments in the course of this year. In addition, the defendant shall pay one-half of the medical and dental insurance and one-half of all uninsured and unreimbursed medical and dental expenses.
Visitation
The defendant seeks unsupervised visitation while the plaintiff argues for strict rules of supervised visitation. Supervised visitation was originally imposed when and evidence of sexual abuse on the part of the defendant surfaced. Though plaintiff was concerned about occurrences in 1994, events in early 1995 resulted in DCF and police investigation. A CT Page 7982 subsequent referral to Yale-New Haven Hospital Abuse Clinic produced a report that supported the allegations.
The sexual abuse was never "proved", in a hearing or court setting. The evidence in support of such a conclusion is considerable. That and the defendant's subsequent, particularly with respect to his relationship with another woman, indicates to the court that the defendant cannot be trusted alone with this child. The details of this behavior, will not be recited here, but the court found much of it to be shocking, even in this day and age when one learns not to be shocked easily. Only the plaintiff's opinion that the child has a meaningful relationship with the defendant, and the views expressed by the child experts in the case, stand in the way of a termination of visitation by this court.
It is the conclusion of the court that the best interests of the child dictate custody in the plaintiff with supervised visitation to the father.
Therefore, the following rules shall govern the visitation schedule:
1. The defendant-father shall have supervised visitation on each Wednesday, except for the second Wednesday of each month, from 6:00 P.M. — 7:30 P.M., and on alternating Saturdays and Sundays, except for the first weekend of each month which shall be reserved for the plaintiff-mother, from 9:00 A.M. to 1:00 P.M.
2. In addition, the parties shall spend alternate holidays with the child. For this, holidays shall include: New Year's Day, President's Day, Easter Sunday, Memorial Day, Fourth of July, Labor Day, Thanksgiving, and Christmas Day. Holiday visitation shall consist of four hours and shall commence with the father having the child for Thanksgiving.
3. Pursuant to a stipulation entered into between the plaintiff and paternal grandparents, C. Kenneth and Elizabeth Theroux, interveners in this action, they shall have visitation with the minor child on the second Wednesday of each month from 6:00 P.M. to 8:00 P.M. As conditions of this visitation, the defendant is not to be present; the grandparents are not to operate a motor vehicle which the child is a passenger before, after, or during the visitation; and, the grandparents are not to consume alcoholic beverages just prior to or during visitation.
4. All visitation by the defendant shall be supervised and shall take place in the presence of a person or persons acceptable to both parties. Any charge for service as a supervisor shall be borne entirely by the defendant. At the present time, these persons chosen by the defendant are acceptable to the plaintiff: Fred Cotton, Mark Meucci, Suzanne McColl, CT Page 7983 Rosemary Spino, Caroline Mussmano, Ned Levinson, Susan Levinson, Karen Manzoli.
5. The father shall on the first visitation of every month give to the mother a schedule of days and a list of the supervisor for each day, so that she will have the whole month of visitation and supervisors planned at the beginning of the month. He shall also place on the schedule a phone number where the supervisor can be reached.
 6. In the event that either the father, mother, or minor child has a situation where there is a need to change visitation, the mother or the father shall deal directly with the supervisor designated for that particular visitation. The mother or father shall request a change of the supervisor who then shall communicate with the party who will need to agree the switch. Each party should agree to the switch and make up time shall be given within the week.
7. A request to change visitation in a non-emergency situation shall be given within 48 hours. Emergency situations as a result of illness or unexpected delay shall be communicated to the supervisor. The supervisor shall communicate with the other party. Both parents shall accommodate the request for change in the best interest of the minor child.
During school vacations and during any time that the plaintiff mother is taking vacation with the minor child which entails that the minor child will be away, and not home, the supervised visitation by the defendant shall not take place.
8. The minor child shall not be allowed to request changes in the schedule or be responsible for negotiating times and schedules between the parties. It shall be deemed a violation of the court order if either parent requests that Emma make those changes. If at all possible, the parent shall communicate in writing. The father shall not, accompany the supervisor in picking up the child nor shall he come to the mother's home, nor shall visitation schedules, changes in visitations, or written communications be delivered by the father.
9. The following guidelines shall be observed in all matters involving visitation and shall have the force and effect of court orders:
a. Telephone contact between the defendant and minor child shall be scheduled at assigned regular times or alternative substitute times agreed on by the parties through a supervisor or by mail when the minor child shall telephone the defendant. The defendant shall not telephone the CT Page 7984 minor child.
b. The defendant shall not interfere in any way with the minor child's therapy and/or psychological counselling; and unless specifically contacted by the therapist, shall not contact the therapist. He shall be entitled to periodic reports concerning child's therapy, the content of which shall be determined by the therapist consistent with the therapist's determination of the best interests of the child.
c. The child is not to be enticed in advance by mention to her or suggestion of extended visits, attractive excursions, visits to people or places or offers of rewards or gifts.
d. The defendant is not to have any female who occupies the role of a "girlfriend" present during any visitation.
e. The father shall not bathe or bring the child to the bathroom. In the event the child becomes so soiled that she is in need of a bath, the father shall return her to her home. It is represented by the child's therapist that she is completely capable of using the bathroom facilities herself. In the event of an emergency illness, the father shall assist the daughter and bring her home immediately.
f. The defendant shall not be or remain in or near the vicinity of the plaintiff's any time except to the extent necessary to exercise his visitation rights and shall not stalk the plaintiff or child or loiter in the vicinity of the plaintiff's residence, place of work or any other location where the child is, including, but limited to, school, or any other location where the child may be staying temporarily.
g. All clothing that the minor child is wearing or carrying with her on a visit shall be returned with her at the same visit or no later than the next one.
h. All nursery schools and teachers, baby-sitters and any other supervisory or custodial personnel having a relationship with the child shall be advised by the mother that only the plaintiff can authorize contact with the child while the child is with any such teachers, baby-sitters and other supervisory or temporary custodial personnel.
10. In the event that the father complies with the following court orders, he shall allowed to petition for a review of the supervised visitation aspects of this visitation schedule, but no sooner than six months from the date of this Decision. CT Page 7985
a. The father has given the schedule promptly to the mother at the beginning of each month's visitation;
b. He has violated no court order;
c. He is attending therapy, having agreed in open court that treatment is appropriate and in the best interest of the child and his relationship with the child.
d. He has disclosed to the mother whether he is living with anyone;
e. He has completed three-fourths of the visits with his minor child and has a explanation for non-compliance of the missed visits.
11. a. The defendant shall pay the outstanding bill due to the Yale-New Haven Sexual Abuse Clinic in the amount of $685.00, plus any interest and charges.
b. The court finds the total bill for services rendered and disbursements of Bernard Christianson in the amount of $19,362.30 to be fair and reasonable.
c. The court finds the bill for services rendered by Attorney Shirley Hoogstra, guardian ad litem, in the amount of $7,585.00 to he fair and reasonable.
d. The sum of $6,000.00 shall be paid on account of the above two bills from minor child's bank account, with $3,000.00 paid to each attorney.
e. After the above payment, the balance due to Attorney Hoogstra will be, $4,585.00, and the plaintiff and the defendant are each ordered to pay the sum of $2,792.50. Said payment shall be made within 120 days.
f. The total bill of Attorney Christianson will be reduced to $16,362.30 by the payment ordered in subparagraph d. above. The sum of $8,181.15 shall be the responsibility of the plaintiff and the defendant. The plaintiff has previously paid $4,650.00 on account and the defendant, the sum of $1,250.00. The balances of $3,531.15 and $6,931.15 shall be paid by plaintiff and the defendant respectively within 120 days.
g. In the event a party claims an inability to adhere to the above payment, that party must proceed at once to effect a reasonable schedule CT Page 7986 of payments with the creditor attorney.
12. Should the plaintiff-mother decide to remove from the State of Connecticut, she shall so advise the defendant at least 30 days prior to her planned removal.
The minor child shall remain in therapy with Dr. Wilma Ezekowitz.
13. The undersigned will retain jurisdiction of this case for a period of 15 months for the purpose of hearing a first petition for review, should either party file a motion to review visitation or the child's therapy.
14. The defendant shall have no contact with the plaintiff, directly or indirectly, and shall not be in or near her residence or place of employment. He shall not follow her or wait for her should he learn any destination of hers or see her at any location. The defendant is not to stalk, harass (verbally, physically or otherwise), assault or in any way interfere with the personal freedom and privacy of the plaintiff.
Anthony V. DeMayo Judge Trial Referee